IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TELUCCI, No. 830-0, | |
| Plaintiff(s), | No. C 15-1050 CRB (PR) |
| vs. | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| UNKNOWN NAMED, Supervising Deputy San Francisco County Public Defender, | (Dkt. #4) |
| Defendant(s). | |

Plaintiff, a former prisoner now civilly committed to the custody of the California Department of State Hospitals after a San Francisco County Superior Court jury found him to be a sexually violent predator under the Sexually Violent Predators Act, Cal. Welf. & Inst. Code § 6600 et seq. (SVPA), has filed a pro se complaint under 42 U.S.C. § 1983. In a nutshell, plaintiff alleges that he was deprived of effective assistance of counsel and consequently subjected to irrational mental health assessments in the course of his civil commitment proceedings due to the Supervising Deputy San Francisco County Public Defender's failure to adequately train and supervise plaintiff's deputy public defender to effectively challenge such irrational assessments. Plaintiff seeks prospective relief, namely an injunction protecting him from being subjected to future irrational mental health assessments, and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Good cause shown, plaintiff's motion (dkt. #4) for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 is GRANTED.[1]

## DISCUSSION

A.   <u>Standard of Review</u>

Federal courts must dismiss a case filed in forma pauperis under § 1915 at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Pro se pleadings must be liberally construed, however.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.   <u>Legal Claims</u>

It is well established that a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses and making closing arguments.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function

---

[1] The financial reporting and full filing fee requirements of § 1915(a)(2) & (b) apply only to "prisoners," i.e., individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses, and therefore do not apply to individuals civilly committed under SVPA.  <u>See</u> <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

performed by the public defender that is determinative under Polk County. Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

Polk County left open the possibility that a public defender may be liable under § 1983 for "administrative and possibly investigative functions." Polk County, 454 U.S. at 324-25.  In Branti v. Finkely, 445 U.S. 507 (1980), the Court already had held that chief public defenders may be subject to § 1983 liability for their hiring and firing decisions.  445 U.S. at 324-25.  The Ninth Circuit more recently added that the head of a county public defender's office, as the administrative head of an organization formed to represent criminal defendants, may be held accountable under § 1983 for a policy that leads to a denial of an individual's constitutional right to effective representation of counsel.  See Miranda, 319 F.3d at 468-71 (plaintiff complained of policy of administering lie detector test to all defendants and allocating minimal resources for preparation of defense to those clients who appear guilty because they failed the polygraph, and of policy to assign the least-experienced lawyers on staff to capital cases without training or experience in the special demands of such cases).  But the policy must amount to "deliberate indifference to the [constitutional] requirement that every criminal defendant receive adequate representation." Id. at 470 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Because a civil detainee facing involuntary commitment to a mental hospital is "constitutionally entitled to counsel," United States v. Budell, 187 F.3d 1137, 1141 (9th Cir. 1999), plaintiff will be provided with an opportunity to amend to name as defendant San Francisco Public Defender Jeff Adachi and allege, if possible, facts showing a deliberate pattern and policy of refusing to train and prepare deputy public defenders for civil commitment cases under SVPA.  See Miranda, 319 F.3d at 471.  Plaintiff is advised that an isolated

1 assignment of an inexperienced or poorly trained lawyer will not do. Plaintiff must set forth facts sufficient to state a claim of "'deliberate indifference to constitutional rights' in the failure to train lawyers to represent clients [facing civil commitment proceedings under SVPA]." Id.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: April 15, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Telucci, R.15-1050.dwlta.wpd

4